UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JESSE EUGENE SILVESTRINI,

       Petitioner,

v.                             **ORDER**
                               Civ. No. 10-1919 (MJD/TNL)

WARDEN BRUCE REISER,

       Respondent.

---

Jesse Eugene Silvestrini, pro se.

Brian D. Simonson, St. Louis County Attorney's Office, Counsel for Respondent.

---

      The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Tony N. Leung dated May 1, 2012. [Docket No. 16.] The Magistrate Judge recommended that Petitioner Jesse Eugene Silvestrini's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied and dismissed with prejudice, but that a Certificate of Appealability be granted as to one issue raised in the Petition. Petitioner has filed an objection to the Report and Recommendation. [Docket No. 21.]

1

Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based that review, the Court **ADOPTS** the thorough Report and Recommendation of United States United States Magistrate Judge Tony N. Leung dated May 1, 2012 [Docket No. 16].

Petitioner's objection is not to the substance of the analysis contained in the Report and Recommendation. He instead challenges citations to cases decided after the date of his alleged offense, asserting that such citations violate his right to be free from ex post facto criminal laws and penalties. As Respondent has noted, however, Petitioner has not pointed to any new criminal law or punishment to which he has been subjected. See <u>Weaver v. Graham</u>, 450 U.S. 24, 28 (1981) (explaining that "[t]he *ex post facto* prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed") (citations and footnote omitted).

The Magistrate Judge recommended that the Petitioner be granted a Certificate of Appealability as to "[w]hether the admission of statements obtained during a custodial interview conducted without probable cause had a substantial and injurious effect or influence in determining the jury's verdict

such that any error was not harmless." Upon its de novo review, the Court concludes, as did the Magistrate Judge and the Minnesota Court of Appeals, that any error associated with the introduction of Petitioner's statements at trial was harmless in light of the overwhelming evidence of Petitioner's guilt. The Court further concludes that no "reasonable jurists would find [its] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court therefore denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Tony N. Leung dated May 1, 2012 [Docket No. 16].

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] is **DENIED** and **DISMISSED** with prejudice.

3. A Certificate of Appealability is **DENIED** in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  July 31, 2012                     s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court